ALONZO SPENCER, Appellant, *v.* HELEN A. WEAVER,
RESPONDENT.

*Reservation of a right of way over the grantor's land — construction of.*

The plaintiff's grantor owned a lot about fifty feet wide and one hundred and
twenty feet deep, situated on the northerly side of a street; on the westerly
portion of the lot was a house about twenty feet, six inches wide, and seventy
feet deep; on the easterly portion thereof was another house about fifty-six
feet deep, which covered all the rest of the front of the lot, except a space of
about eight feet lying between the two houses; through which space
alone access could be obtained to the rear of the westerly house.    The
westerly house and lot was conveyed to the plaintiff by a deed containing the
following provision : " With the right to the use of the carriage or alley-way
situate between the premises hereby conveyed, and the building east thereof,
owned by the grantor, for ingress and egress upon the rear of said premises
hereby conveyed." Subsequently the remainder of the lot was conveyed to
the defendant.

In the winter season the rear of the defendant's premises had been used for car-
riages and teams as convenience dictated ; but in the summer in the rear of his
house only a path some three or four feet wide, and lying wholly in his lot, was
kept open.

This action was brought to restrain the defendant from erecting a barn on the
rear of his lot, within two feet nine inches of the east line of the plaintiff's lot,
but which left a space of over fourteen feet between its south-west corner and
the north-east corner of the plaintiff's house.

*Held,* that the alley or easement reserved to the plaintiff did not extend from
the street back to the rear of the defendant's lot, but only so far back as was
necessary to enable the plaintiff to get upon his premises directly in rear of his
house, as it stood at the time it was conveyed to him.

That the action could not be maintained.    (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered
upon the trial of this action by the court without a jury.

*J. E. Dewey,* for the appellant.

*Harvey Dunkle,* for the respondent.

BOARDMAN, J. :

This appeal involves the construction of the following language
in a deed by which an easement of a right of way was given over
lands of the grantor, to wit : " With the right to the use of the
carriage or alley-way situate between the premises hereby con-

veyed and the building east thereof owned by the grantor, for ingress and egress upon the rear of said premises hereby conveyed."

Both parties have the same source of title. Their lots lie side by side, the street at the south end, the front of both lots being about fifty feet on the street. Plaintiff owns the west lot under a title which gives the right of way above described. There is and, at the time when the right of way was granted, was a house of nearly the full width of plaintiff's lot (twenty feet six inches) thereon, rendering access by team or carriage on the east side of his house or the rear of his lot impossible except by means of the right of way granted. The defendant owns the east lot, subject to said right of way. Her house occupies nearly the whole front of her lot, except the eight-feet alley-way. Both lots extend back about 120 feet. Plaintiff's house extends back from the street about seventy feet, and defendant's about fifty-six feet. Between the two dwellings the alley-way is necessarily well defined; back of defendant's dwelling it is not. In the winter season the rear of defendant's premises had been used for carriages and teams as convenience dictated, no harm being done thereby. But in the summer no carriage-way was preserved in the rear of defendant's house, the vacant space being cultivated for garden purposes, except a path three or four feet wide along the line between the two lots wholly upon the lot of defendant.

In 1878 the defendant began to erect a brick barn on the rear end of her lot, leaving a vacant space between that and plaintiff's lot of two feet nine inches. A space of fourteen feet four inches is also left between the south-west corner of defendant's barn and the north-east corner of plaintiff's buildings, through which space ingress and egress could be had upon the rear of plaintiff's premises by and through the alley-way between the two houses.

The plaintiff now claims the alley-way or easement owned by him extends from the street to the back end of defendant's lot, of a sufficient width for use of teams and carriages, and so as to enter upon the rear of plaintiff's premises at any point. As a consequence of such claim, if well founded, the defendant is guilty of a wrong in obstructing such way by the barn on the rear end of her lot.

The defendant, on the contrary, insists the right of way owned by plaintiff cannot by possibility be extended further than is necessary to enable plaintiff to reach and get upon his premises directly in the rear of his house. In other words, it was the intention to give to plaintiff a way of necessity to reach the rear of his lot, and no other or greater rights on defendant's lot than plaintiff's necessities required at the time the easement was granted. The space between the barn and plaintiff's house is abundant for that purpose.

The defendant's position seems just and reasonable. The alley-way, the use of which is granted, is described as "situated between" plaintiff's premises and defendant's building. Literally and strictly, plaintiff has no rights north of defendant's building by virtue of such description. But the intention and purposes of the parties creating the easement may, and in this case do, justify the recognition of a greater right than a liberal description would give. The object of the grant was to enable plaintiff to get from the road to and upon the rear of his lot back of his house as it then stood. Hence the words " for ingress and egress upon the rear of" plaintiff's premises, by fair construction gives to plaintiff, in addition to the use of the alley-way, so much additional right of way over or use of defendant's lot as shall enable plaintiff to get upon the rear of his lot. This gives to the grantee the benefit of any doubt or ambiguity in the language used. He gets the alley-way described, and having reference to the obvious purposes of the easement, it is extended beyond the actual description to accomplish such purpose. (3 Kent's Com., 419, 420; Atkins v. Bordman, 2 Metc., 457, 467–468.)

What the plaintiff was entitled to was a convenient and reasonable way so as to enjoy the lands granted. So long as he had that he could not complain. (2 Wash. on Real Estate, 54.) Washburne on Easement, page* 188, says : " If the way is not bounded or limited it would be such as is reasonably necessary and convenient for the purposes for which it was granted." Again, " when no dimensions are defined, but the purposes are expressed, the dimension will be held to be sufficient for the accomplishment of that object." Again, page* 190, " what is a suitable and convenient way must depend upon circumstances." (Atkins v. Bordman, supra.)

Applying these principles, abundantly sustained by the authorities cited, to the present case, and its disposition is easy and satisfactory. The purpose was to give plaintiff a right of way from the street to the rear of plaintiff's house. The right of way was not described or limited north of defendant's house. Under such facts the law will hold that plaintiff has the right to the use of so much of defendant's premises as will enable him to get on his lot. Plaintiff has no right to extend the burden of the easement beyond its natural and necessary use, purpose and importance.

It follows the defendant had a right to occupy with her barn the rear of her lot, so long as she left the plaintiff the means of ingress and egress upon the rear of his lot between the barn and plaintiff's house.

We think the judgment is right and should be affirmed, with costs.

LEARNED, P. J. (dissenting).

This is simply a question of construction, where language is not so definite as to make the claim of either side absurd.

The plaintiff stands in the place of the grantee, the defendant in that of the grantor. Construction should be favorable to the former.

Unless the alley extends back of the defendant's house it would give no access to plaintiff's premises. For the rear of plaintiff's house is about fourteen feet further back than the defendant's. How far, then, does the alley go back?

The plaintiff was to have the use of the alley "for ingress and egress upon the rear of said premises." He ought to be permitted to build his house deeper without the peril of losing the benefit of this alley. The lot was about 120 feet deep. The "rear of the premises" was the back end of the lot. Ingress and egress to the rear of the premises means ingress and egress to the end, not to the middle. Nothing is said in the deed about plaintiff's house.

If the grant had been ingress and egress "to the premises," the defendant's construction would have been reasonable. That might have meant any ingress or egress thereto, beyond the houses. But the language is, ingress and egress to the *rear of the premises*, not to the *rear of the house*. And that means that the plaintiff

may go into and out of the most northerly part of the premises through this alley.

Perhaps nothing is established by actual user in this case. In winter the parties drove anywhere. In summer, however, they left an alley, not a carriage-way, the whole length of the lot.

Once more. Suppose there had been no house on plaintiff's lot, and the defendant's grantor had conveyed the plaintiff's lot to him by a similar deed, with a similar grant of an alley-way "between the premises conveyed and the building east thereof for ingress and egress upon the rear of the premises hereby conveyed," could it be said that because the plaintiff might enter at the front of his lot, on Mohawk street, therefore he had no right to the alley? Or could it be said that he had a right to go just far enough into the alley (say fourteen feet) to enable him to turn into his own lot? That is what has been decided in this case. Would it not be plain, on the contrary, in that case that ingress and egress through an alley-way, upon the rear of the premises, would mean a right to enter, even the extreme rear, through that alley?

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.